FILED

MAY 10 2010

JEFFREY A. APPERSON, CLERK
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO.: 5:08-CR-00026-TBR

UNITED STATES v. YOUNG

# JURY INSTRUCTIONS

# INSTRUCTION NO. 1

## Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the defendant's guilt beyond a reasonable doubt. It is my job to instruct you about the law and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes any instructions that I gave you during the trial and these instructions. All the instructions are important and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

# INSTRUCTION NO. 2

## Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the defendant has pled not guilty to the crimes charged in the Indictment. The Indictment is not any evidence of guilt. It is just the formal way that the Government tells a defendant what crimes he or she is accused of committing. It does not even raise any suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him or her, and the law presumes that a defendant is innocent. This presumption of innocence stays with a defendant unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he or she is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he or she is innocent. It is up to the Government to prove that a defendant is guilty and this burden stays on the Government from start to finish. You must find a defendant not guilty unless the Government convinces you beyond a reasonable doubt that he or she is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## INSTRUCTION NO. 3

### Direct and Circumstantial Evidence

You have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight you should give to either one, or says that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 4

The defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

# INSTRUCTION NO. 5

## Mail Fraud

The defendant is charged with the crime of mail fraud. For you to find the defendant guilty of mail fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

*First:* That the defendant knowingly participated in or devised a scheme to defraud or to obtain money or property by false or fraudulent pretenses, representations, or promises;

*Second:* That the scheme included a material misrepresentation or concealment of a material fact;

*Third:* That the defendant had the intent to defraud; and

*Fourth:* That the defendant caused another to use the mail in furtherance of the scheme.

A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

The term "false or fraudulent pretenses, representations, or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or some other innocent reason.

A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself.

To "cause" the mail to be used is to do an act with knowledge that the use of the mail will follow in the ordinary course of business or where such use can reasonably be foreseen.

It is not necessary that the government prove all of the details alleged concerning the precise nature and purpose of the scheme.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

# INSTRUCTION NO. 6

## Fraud– Good Faith Defense

The good faith of the defendant is a complete defense to the charge of mail fraud contained in Count 1 through 31 of the indictment because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

A defendant does not act in good faith if, even though she honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with an intent to defraud.

If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, you must acquit the defendant.

## INSTRUCTION NO. 7

### Deliberate Ignorance

Next, I want to explain something about proving a defendant's knowledge.

No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the defendant deliberately ignored a high probability that she should have reported absences of children in excess of five (5) days per month, then you may find that she knowingly devised a scheme to defraud or to obtain money or property by false or fraudulent pretenses, representations or promises.

But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that she should report absences of children in excess of five (5) days per month, and that the defendant deliberately closed her eyes to what was obvious. Carelessness, or negligence, or foolishness on her part is not the same as knowledge, and is not enough to convict. This, of course, is all for you to decide.

## INSTRUCTION NO. 8

### Unanimous Verdict

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves the defendant's guilt beyond a reasonable doubt.

To find the defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## INSTRUCTION NO. 9

One more point about the requirement that your verdict must be unanimous. Counts 1 through 31 of the indictment accuse the defendant of committing the crime of mail fraud in more than one possible way. The first is that she devised a scheme to defraud. The second is that she devised a scheme to obtain money or property by false or fraudulent pretenses, representations, or promises.

The government does not have to prove both of these ways for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt of either one of these ways is enough. In order to return a guilty verdict, all twelve of you must agree that at least one of these has been proved; however, all of you need not agree that the same one has been proved.

## INSTRUCTION NO. 10

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking. But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This included things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind. You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## INSTRUCTION NO. 11

Remember that the defendant is only on trial for the particular crime charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

Also remember that whether anyone else should be prosecuted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

## INSTRUCTION NO. 12

### Punishment

If you decide that the Government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding the appropriate punishment is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 13

### Evidence

You must make your decisions based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decisions in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits and stipulations that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decisions in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 14

During the trial you have seen counsel use summaries that have been admitted in evidence. These summaries were admitted in evidence, in addition to the materials they summarize, because they may assist you in understanding the evidence that has been presented. But the summaries themselves are not evidence of the materials they summarize, and are only as valid and reliable as the underlying materials they summarize.

## INSTRUCTION NO. 15

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

# INSTRUCTION NO. 16

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

**INSTRUCTION NO. 17**

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## INSTRUCTION NO.  18

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 19

Now I would like to say something about the notes that you have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

## INSTRUCTION NO. 20

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

## INSTRUCTION NO. 21

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 22

Let me finish by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved the defendant guilty beyond a reasonable doubt.

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                           CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## JURY VERDICT FORM: COUNT ONE

On Count 1 of the Superseding Indictment (N.E.W.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____          **Not Guilty** _____

_____          _____
FOREPERSON                                DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## **JURY VERDICT FORM: COUNT TWO**

On Count 2 of the Superseding Indictment (N.E.W.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____          **Not Guilty** _____


_____          _____
FOREPERSON                                DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## JURY VERDICT FORM: COUNT THREE

On Count 3 of the Superseding Indictment (N.E.W.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____            **Not Guilty** _____


_____            _____
FOREPERSON                             DATE

UNITED STATES OF AMERICA

v.                                        CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## JURY VERDICT FORM: COUNT FOUR

On Count 4 of the Superseding Indictment (A.F.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____          **Not Guilty** _____


_____          _____
FOREPERSON                                  DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                             CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## JURY VERDICT FORM: COUNT FIVE

On Count 5 of the Superseding Indictment (A.F.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____          **Not Guilty** _____


_____          _____
FOREPERSON                                DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                          CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

### JURY VERDICT FORM: COUNT SIX

On Count 6 of the Superseding Indictment (A.K.K.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____          **Not Guilty** _____


_____          _____
FOREPERSON                                          DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

### JURY VERDICT FORM: COUNT SEVEN

On Count 7 of the Superseding Indictment (A.K.K.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____          **Not Guilty** _____


_____          _____
FOREPERSON                               DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                        CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

### JURY VERDICT FORM: COUNT EIGHT

On Count 8 of the Superseding Indictment (A.K.K.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant,Tanashea Young,

**Guilty** _____          **Not Guilty** _____


_____          _____
FOREPERSON                                DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                          CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## JURY VERDICT FORM: COUNT NINE

On Count 9 of the Superseding Indictment (A.K.K.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant,Tanashea Young,

**Guilty** _____          **Not Guilty** _____


_____          _____
FOREPERSON                                  DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## **JURY VERDICT FORM: COUNT TEN**

On Count 10 of the Superseding Indictment (L.C.K., Jr.), causing the use of the U.S. Mail

to defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty _____**          **Not Guilty _____**

_____          _____
FOREPERSON                                DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## JURY VERDICT FORM: COUNT ELEVEN

On Count 11 of the Superseding Indictment (L.C.K., Jr.), causing the use of the U.S. Mail

to defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____          **Not Guilty** _____


_____          _____
FOREPERSON                                DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                         CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## JURY VERDICT FORM: COUNT TWELVE

On Count 12 of the Superseding Indictment (L.C.K., Jr.), causing the use of the U.S. Mail

to defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____          **Not Guilty** _____


_____          _____
FOREPERSON                                DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## **JURY VERDICT FORM: COUNT THIRTEEN**

On Count 13 of the Superseding Indictment (L.C.K., Jr.), causing the use of the U.S. Mail

to defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____          **Not Guilty** _____


_____          _____
FOREPERSON                                DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

### JURY VERDICT FORM: COUNT FOURTEEN

On Count 14 of the Superseding Indictment (R.L.C.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____          **Not Guilty** _____


_____          _____
FOREPERSON                               DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## JURY VERDICT FORM: COUNT FIFTEEN

On Count 15 of the Superseding Indictment (R.L.C.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant,Tanashea Young,

**Guilty** _____          **Not Guilty** _____


_____          _____
FOREPERSON                                DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                                    CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## **JURY VERDICT FORM: COUNT SIXTEEN**

On Count 16 of the Superseding Indictment (R.L.C.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant,Tanashea Young,

**Guilty** _____          **Not Guilty** _____

_____          _____

FOREPERSON                                DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                          CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## **JURY VERDICT FORM: COUNT SEVENTEEN**

On Count 17 of the Superseding Indictment (R.L.C.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____          **Not Guilty** _____


_____          _____
FOREPERSON                                DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                                    CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## **JURY VERDICT FORM: COUNT EIGHTEEN**

On Count 18 of the Superseding Indictment (KY.L.T.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____          **Not Guilty** _____


_____          _____
FOREPERSON                                        DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## JURY VERDICT FORM: COUNT NINETEEN

On Count 19 of the Superseding Indictment (KN.L.T.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____          **Not Guilty** _____


_____          _____
FOREPERSON                                  DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                      CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

### JURY VERDICT FORM: COUNT TWENTY

On Count 20 of the Superseding Indictment (P.D.L.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____          **Not Guilty** _____


_____          _____
FOREPERSON                            DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                        CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## JURY VERDICT FORM: COUNT TWENTY ONE

On Count 21 of the Superseding Indictment (P.D.L.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____          **Not Guilty** _____


_____          _____
FOREPERSON                                DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## JURY VERDICT FORM: COUNT TWENTY TWO

On Count 22 of the Superseding Indictment (P.D.L.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____          **Not Guilty** _____

_____          _____
FOREPERSON                                      DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                        CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## JURY VERDICT FORM: COUNT TWENTY THREE

On Count 23 of the Superseding Indictment (P.D.L.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____          **Not Guilty** _____


_____          _____
FOREPERSON                                  DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## JURY VERDICT FORM: COUNT TWENTY FOUR

On Count 24 of the Superseding Indictment (P.D.L.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____          **Not Guilty** _____


_____          _____
FOREPERSON                                DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## JURY VERDICT FORM: COUNT TWENTY FIVE

On Count 25 of the Superseding Indictment (P.D.L.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____          **Not Guilty** _____

_____          _____

FOREPERSON                              DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## JURY VERDICT FORM: COUNT TWENTY SIX

On Count 26 of the Superseding Indictment (J.M.M.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant,Tanashea Young,

**Guilty** _____          **Not Guilty** _____

_____          _____
FOREPERSON                                DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## JURY VERDICT FORM: COUNT TWENTY SEVEN

On Count 27 of the Superseding Indictment (J.M.M.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____          **Not Guilty** _____


_____          _____
FOREPERSON                                       DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                        CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

### JURY VERDICT FORM: COUNT TWENTY EIGHT

On Count 28 of the Superseding Indictment (J.K.W.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____          **Not Guilty** _____


_____          _____
FOREPERSON                                DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

**JURY VERDICT FORM: COUNT TWENTY NINE**

On Count 29 of the Superseding Indictment (J.K.W.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty _____**          **Not Guilty _____**

_____          _____
FOREPERSON                               DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                            CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## **JURY VERDICT FORM: COUNT THIRTY**

On Count 30 of the Superseding Indictment (B.E.H.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty _____**          **Not Guilty _____**


_____          _____
FOREPERSON                                DATE

WESTERN DISTRICT OF KENTUCKY
UNITED STATES DISTRICT COURT
AT PADUCAH

UNITED STATES OF AMERICA

v.                                      CRIMINAL ACTION NO.: 5:08CR-26-R

TANASHEA YOUNG

## JURY VERDICT FORM: COUNT THIRTY ONE

On Count 31 of the Superseding Indictment (B.E.H.), causing the use of the U.S. Mail to

defraud or to obtain money, as described in these Instructions,

We, the jury, find the Defendant, Tanashea Young,

**Guilty** _____          **Not Guilty** _____

_____          _____
FOREPERSON                          DATE