UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:08-CR-00026-R

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.

TANASHEA YOUNG                                                                   DEFENDANTS

## MEMORANDUM OPINION & ORDER

This matter comes before the Court upon Government's Motion in Limine (DN 90). Defendant has responded (DN 96) and Government has replied (DN 97). Additionally, on December 26, 2010, the Court held a telephonic conference where the parties offered arguments for and against the motion. Official court reporter Terri Turner recorded the proceeding. This motion is now ripe for adjudication. For the reasons that follow, Government's Motion is DENIED.

## BACKGROUND

Defendant Tanashea Young is accused of committing thirty-one counts of mail fraud, a violation of 18 U.S.C. § 1341. The charges arise from Young's operation of a child-care facility named Children's Creative Learning Center ("Center") in McCracken County, Kentucky. To receive federal funding under the Child Care Assistance Program ("Program"), Young was required to report excessive absences of certain children that attended her child-care facility. Government alleges that Young under reported the absences of a number of children and thereby defrauded the Program.

1

On July 27, 2009, Young both executed a plea agreement with Government and pled guilty in open court. DN 27; DN 35. Days later, Young sought to withdraw her plea of guilty under advisement of new counsel, subsequently filing a motion to that end. DN 43. Along with this motion, Young supplied an affidavit supporting the withdrawal of her guilty plea. On December 16, 2009, a hearing was held in Paducah to examine the withdrawal of her plea. At that proceeding, Young testified as to her innocence and also offered a recently discovered letter dated April 2, 2009, that indicated Young believed the Center was an "enrollment center" as defined under federal statute, and therefore not subject to the self-reporting absences requirement of the Program.

Young's first trial ended in a mistrial. DN 75. In preparation for a second trial on this matter, Government seeks to use the following evidence in its case-in-chief: (1) the letter of April 2009, (2) the affidavit attached to her motion to withdrawal her plea, and (3) the testimony she offered at the withdrawal of plea hearing. Young objects to the use of this evidence, stating that it is protected under Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f). Both parties are in accord however that if Young takes the stand in her defense, this evidence may be employed by Government to impeach her testimony.

**ANALYSIS**

Federal Rule of Criminal Procedure 11 and Federal Rule of Evidence 410 work in tandem to generally prevent the use of plea negotiations and discussions from being used against a defendant in a criminal prosecution.[1] Rule 410 sets forth the following:

---

[1] Currently, Rule 11(f) tracks the protections offered under Rule 410. However, Rule 11(f) is a relatively new creation, reformulated from Federal Rule of Criminal Procedure 11(e)(6) in 2002. *See* Fed. R. Crim. P. 11 advisory committee's notes. As such, much of the pertinent case law refers jointly and interchangeably with Rule 410 and Rule 11(e)(6). *United*

> Except as otherwise provided in this rule, evidence of the following is not in a civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions: (1) a plea of guilty which was later withdrawn; . . . (3) any statement made in the course of any proceeding under Rule 11 of the Federal Rules of Criminal Procedure . . . .

Fed. R. Evid. 410. Rule 11 generally defers to the requirements of Rule 410, stating in part that "[t]he admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410." Fed. R. Crim. P. 11(f).

The plain language of the rules was meant to encourage candid discussions between defendants and the government in an effort to promote plea bargaining prior to trial. Without question, "statements made in conjunction with a plea of guilty that is made in open court but . . . later withdrawn . . . are inadmissible." *United States v. Davis*, 617 F.2d 677, 684 (D.C. Cir. 1979). Moreover, "statements made 'during proceedings in connection with the disclosure and acceptance or rejection of a plea agreement' fall within" the protections of Rule 410. *Id.* (quoting H.R. Rep. No. 94-247). However, neither Rule 410 nor Rule 11 explicitly discusses whether evidence offered at a withdrawal of plea hearing should be excluded.

After reviewing the rules' language, their legislative histories, and the relevant precedent, the Court finds that the evidence Young offered in her withdrawal of plea hearing is not admissible in Government's case-in-chief. First, Rule 410 is clear that "*any statement* made during the course of *any proceeding* under Rule 11 of the Federal Rules of Criminal Procedure" is not admissible. Fed. R. Evid. 410 (3) (emphasis added). Under Rule 11(d), a defendant does not have an absolute right to withdraw a plea of guilty; in fact, a criminal defendant that has voluntarily entered a guilty plea and then later moves to have it withdrawn must show "fair and

---

*States v. Stein*, No. CR. 04-269-9, 2005 WL 1377851, at *6 (E.D. Pa. June 8, 2005).

just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d); *see United States v. York*, No. 09-1728, 2010 WL 5394010, at *5-6 (6th Cir. Dec. 22, 2010). Therefore, a Rule 11 hearing to determine whether a defendant has just cause to withdraw a plea of guilty qualifies as a "proceeding" protected under the language of Rule 410. In addition, section three of Rule 410 is written in broad language, excluding "any statement"; that the disputed items are exculpatory rather than inculpatory is therefore irrelevant to this analysis. Finally, as the Court requested the parties submit briefs in advance of the proceeding, Young's affidavit[2] would also be considered a statement during the Rule 11 proceeding. For these reasons alone, the language of the rules will not permit Government to employ any of these items in its case-in-chief.

Next, in describing changes to Rule 410 that took place in 1974, the Advisory Committee notes set forth the following rationale for choosing the Senate's proposed version of the rule over the House's:

> [V]oluntary statements of an accused made in court on the record, in connection with a plea, and determined by a court to be reliable should be admissible even though the plea is subsequently withdrawn. This is particularly true in those cases where, if the House rule were in effect, a defendant would be able to contradict his previous statements and thereby lie with impunity. To prevent such an injustice, the rule has been modified to permit the use of such statements *for the limited purposes of impeachment* and in subsequent perjury or false statement prosecutions.

Fed. R. Evid. 410 advisory committee's notes (internal citations omitted and emphasis added). The last sentence in this passage indicates that while Government can use the current evidence to impeach Young, it may not be offered by Government as affirmative proof in its case. To find otherwise would be to not only ignore the drafters' advisory notes but also the policy the rule seeks to promote; Rule 410's exclusionary rule would afford scant protection were statements

---

[2] Young first filed the affidavit as an exhibit to her memorandum supporting the withdrawal of her plea of guilty. DN 43-1.

4

offered in plea proceedings available as direct evidence to the prosecution at a later trial. *See e.g.*, *Davis*, 617 F.2d at 684; ROBERT C. LAWSON, THE KENTUCKY EVIDENCE LAW HANDBOOK, § 2.55(3) (4th ed. 2003).

Finally, had Government wanted to use the statements Young made in conjunction with the Rule 11 proceeding, it could have simply included a waiver in its original plea agreement. The Supreme Court has held that the rights included in the Federal Rules of Evidence may be waived by a criminal defendant. *United States v. Mezzanatto*, 513 U.S. 196 (1995). The Sixth Circuit, as well as most other circuits, have upheld a defendant's wavier of the protections Rule 410 offers, permitting the government to use statements offered in the course of plea negotiations either to impeach or in its case-in-chief. *See e.g.*, *United States v. Jones*, 469 F.3d 563, 567 (6th Cir. 2006) (statements admitted in prosecution's case-in-chief); *United States v. Young*, 223 F.3d 905, 911 (8th Cir. 2000) (same); *United States v. Burch*, 156 F.3d 1315, 1319-22 (D.C. Cir. 1998) (same). *But see United States v. Velez*, 354 F.3d 190, 196 (2d Cir. 2004) (statements admissible to impeach); *United States v. Krilich*, 159 F.3d 1020, 1025-26 (7th Cir. 1998) (same). Such a waiver provision in the previously executed plea agreement would have allowed Government to use Young's statements in subsequent actions, including this trial. However, since a conforming provision is absent from the document, *see* DN 27, the unambiguous language of Rule 410 and Rule 11 prevent the admission of the evidence in Government's case-in-chief.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Government's motion (DN 90) is DENIED.